UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RA'ID TEW,

                Plaintiff,                SECOND AMENDED COMPLAINT
                                                                      13 CV 9190 (JPO)(SN)

        - against -

THE CITY OF NEW YORK, FRANCIS BRYANT,
JOSE BONILLA, Shield 21279, RICHARD
VALDEZ, CRISTOPHE CANELLIZ, and
CHARLES AWANI, employees of the New York
City Police Department,

                Defendants.                Jury Trial Demanded

------------------------------------------------------------------x

       Ra'id Tew, by his attorney, The Law Office of Matthew Flamm, alleges the following upon information and belief as his Second Amended Complaint:

<u>Nature of the Action</u>

       1.    This civil rights action arises from the October 4, 2012 arrest of Ra'id Tew on the false claim that he criminally trespassed in a privately-owned apartment building in the New York City Police Department's "Operation Clean Halls" program in the Bronx, New York.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

       2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because Defendant City of New York resides in that judicial District.

Parties

4. Plaintiff RA'ID TEW is a citizen of the United States of America residing in the State and City of New York, Bronx County.  He is African-American, was twenty years of age at the time of the incidents complained of herein, and, other than the arrest described here, has never been arrested.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant FRANCIS BRYANT was, at all times relevant, an employee of the New York City Police Department holding a supervisory rank and assigned to the 46th Precinct in the Bronx.  At all times relevant, Defendant BRYANT supervised and was responsible for the conduct of the others participating in this incident.  He is liable, in addition to direct participation herein or for failing to intervene to protect Plaintiff from the illegal conduct of his fellow officers, for failing to properly supervise his subordinates or to otherwise take action to remedy the wrong done to Mr. Tew.  He is sued in his individual capacity.

7. Defendant JOSE BONILLA, Shield 21279, was at all times relevant a police officer employed by the New York City Police Department and assigned to the 46th Precinct in the Bronx.  He is liable for directly participating in the acts

described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

8. Defendant RICHARD VALDEZ was at all times relevant a police officer employed by the New York City Police Department and assigned to the 46th Precinct in the Bronx.  He is liable for directly participating in the acts described herein and/or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

9. Defendant CRISTOPHE CANELLIZ, was at all times relevant a police officer employed by the New York City Police Department and assigned to the 46th Precinct in the Bronx.  He is liable for directly participating in the acts described herein and/or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

10. Defendant CHARLES AWANI was at all times relevant a police officer employed by the New York City Police Department and assigned to the 46th Precinct in the Bronx.  He is liable for directly participating in the acts described herein and/or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual capacity.

11. Defendants BRYANT, BONILLA, VALDEZ, CANELLIZ, and AWANI collectively, the "individual Defendants") were at all times relevant duly appointed and acting employees of the New York City Police Department and were agents, servants and employees acting within the scope of their employment by Defendant City of New York.

12. At all times relevant, the individual Defendants were acting under color of state law.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

13. Ra'id Tew was lawfully present in the lobby of 2396 Valentine Avenue, Bronx, New York on the morning of October 4, 2012 at and after 11:00 a.m. when the individual Defendants accosted, detained, arrested and thereafter prosecuted him on false charge of Criminal Trespass.

14. At all times relevant, 2396 Valentine Avenue was an "Operation Clean Halls" building. That designation encourages and causes police officers, including those involved in the arrest and prosecution of Mr. Tew, to believe that they can with impunity stop, search, question, and arrest without individualized suspicion or probable cause people in such buildings.

15. Mr. Tew had been visiting with and was an invited guest of his then-girlfriend, Lisbeth Cantares, who lived in Apartment 2.

16. Plaintiff was waiting for Ms. Cantares outside of her apartment when five uniformed officers, led by Defendant BRYANT, came into the building.

17. Plaintiff was asked if he lived there. He told the individual Defendants that he did not, but that he was visiting Ms. Cantares and was waiting for her outside her apartment.

18. When Plaintiff told the officers that he did not live in the apartment building, he was searched, handcuffed, and arrested. Although he had done nothing illegal, the officers took his identification and other personal items, including eye medication for corneal transplants./[1]

---

1. Plaintiff has a progressive, hereditary eye disease - Keratoconus - for which he had had corneal transplants. The first transplant was approximately two years ago, in 2011, and was in its final stages of healing. The second was in March 2012 and was still healing. His eye surgeon would not clear him for school or employment until both eyes were healed.

19. As he was being cuffed, Plaintiff told the officers repeatedly that he was visiting Lisbeth Cantares in Apartment 2, only a few feet away on the same floor.  He asked the Defendants to knock on her apartment door, but they refused to investigate Mr. Tew's truthful and easily verifiable claim that he was an invited guest of a lawful resident.

20. There was no probable cause to arrest Plaintiff for trespass, as he was the invited guest of a resident and he had neither knowingly entered nor remained unlawfully in the apartment building.

21. Plaintiff was taken in handcuffs by the individual Defendants to the 46th Precinct where he was photographed and fingerprinted.

22. The individual Defendants prepared or allowed to be prepared false police reports accusing Ra'id Tew of Criminal Trespass.

23. After the arrest paper work was completed, Plaintiff was taken to Bronx Central Booking to await arraignment.

24. While Mr. Tew was awaiting arraignment, Defendant Bonilla made or allowed others to make false statements supporting prosecution to the Bronx County District Attorney's Office.

25. The misrepresentations caused plaintiff to be prosecuted under Bronx County Docket No. 2012BX057569 on the false charges of Trespass in the Second Degree (P.L. §140.15[1], a misdemeanor punishable up to  one year in jail), Criminal Trespass in the Third Degree (P.L. §140.10[a], a B  misdemeanor punishable by up to three months in jail) and Trespass (P.L. §140.05,  a violation).

26. Despite that Mr. Tew gave the police both the name and apartment number of Lisbeth Cantares as the person he was visiting, and, contrary to Police

Department Patrol Guide §212-59, none of the individual Defendants told Plaintiff to leave the building nor did Plaintiff refuse to exit the building.

27.     Plaintiff's eye medication (Prednisolone) was seized, apparently tested for illicit drugs, and, despite that individual Defendants were told that Plaintiff had to insert the drops every three hours for his corneal transplants, they refused to give it back.  The medication was not returned until Plaintiff's release at arraignment the next morning, approximately twenty one hours after his arrest. Mr. Tew had not yet fully healed, and he was anxious and concerned about missing his medication; among the first things that he did after his release was to make an appointment to see his eye surgeon.

28.     Mr. Tew was arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court until the case was dismissed and sealed on the motion of the District Attorney on January 8, 2013.

29.     The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Tew.

30.     The individual Defendants' acts and omissions caused Mr. Tew to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities, physical discomforts, and privations of the arrest-to-arraignment process.  He suffered authentic fear and anxiety of being deprived of his eye medication.

31.     The individual Defendants, at all times relevant, and in stopping, arresting, and imprisoning plaintiff, and in offering false evidence to the District

Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE INDIVIDUAL DEFENDANTS

32.     Plaintiff repeats the allegations of the foregoing paragraphs above as though fully stated herein.

33.     By the actions and omissions described herein, the individual Defendants unlawfully seized Plaintiff, fabricated evidence, and maliciously prosecuted in violation of 42 U.S.C. 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

34.     Additionally, Defendant Bryant had direct supervisory responsibility for the conduct of the other individual Defendants, participated in the incidents and failed to properly supervise his subordinates or to otherwise take action to remedy the wrongs done to the Plaintiff

35.     As a consequence thereof, Ra'id Tew has been injured.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE CITY OF NEW YORK

36.     Plaintiff repeats the foregoing allegations as though fully stated herein.

37.     The acts complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual Defendants herein.

38. Defendant City's enforcement of criminal trespass laws in and around buildings designated as part of the Police Department's "Operation Clean Hallways" program without adequate training, supervision, monitoring or control has resulted in a de facto policy, pattern and practice of illegal stops, seizures, arrests and prosecutions, including the stop, seizure, arrest, and prosecution of Ra'id Tew.

39. The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, and prosecutions based on purported enforcement of the criminal trespass laws.

40. The NYPD's policy, pattern and practice amounts to a roving checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as Ra'id Tew without individualized objective facts supporting trespass claims and without investigating easily and conveniently provable claims of innocence.

41. The City has failed to supervise and discipline NYPD officers who unlawfully stop, question, seize, search, arrest and prosecute individuals for trespass. On information and belief, the City does not monitor criminal trespass arrests and prosecutions for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when criminal charges are dismissed or where it is otherwise established that an individual such as Ra'id Tew was arrested without lawful basis.

42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

43. As a consequence thereof, Ra'id Tew has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered that plaintiff's rights under the United States Constitution were violated and:

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: March 26, 2014
      Brooklyn, New York

                The Law Office of Matthew Flamm
                 Attorney for Plaintiff
                26 Court Street, Suite 2208
                Brooklyn, New York 11242
                (718) 797-3117
                matthewflamm@msn.com

                By: Matthew Flamm